IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| JESSICA MOUNCE, Individually,<br>and On Behalf of All Other<br>Similarly Situated Plaintiffs | PLAINTIFF |
| V. | CASE NO. 5:15-cv-05197-TLB |
| CHSPSC, LLC, A Delaware Corporation;<br>NORTHWEST ARKANSAS HOSPITALS, LLC,<br>a Delaware Limited Liability Company<br>d/b/a NORTHWEST MEDICAL CENTER;<br>PROFESSIONAL ACCOUNT SERVICES, INC.,<br>a Tennessee Corporation; and<br>JOHN DOES I – X, | DEFENDANTS. |

**RULE 26(f) REPORT**

The parties, by and through their attorneys of record, submit the following for their Joint Rule 26(f) Report:

1. **Plaintiff's Statement of the Case.**

On or about November 30, 2013, Plaintiff Jessica Mounce presented to a hospital owned, operated and/or affiliated with Defendants' for emergency medical services as a result of an automobile accident.  Plaintiff's treatment resulted in medical charges totaling $6,104.96.

Plaintiff alleges that she (and the proposed class members) had valid commercial health insurance at the time she received medical treatment from Defendants.  Plaintiff further alleges that Defendants were required by their contracts with Plaintiff (and the proposed class members') health insurance carrier to submit her medical bills to health insurance and accept a reduced contractual

payment rather than filing a lien and receiving full payments from Plaintiff's (and the proposed class members') personal injury settlements.

Despite the fact that Plaintiff had valid commercial health insurance at the time of treatment and therefore did not owe Defendants any debt, Defendants nevertheless asserted a lien and sought payment from her third party motorist claim. Defendants were paid $3,052.48 to satisfy Defendants' lien in January of 2015 by the third party auto insurer, Horace Mann Insurance.

Plaintiff, individually and on behalf of a putative class, filed her Complaint against Defendants setting forth five counts: Count I – Violations of the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-101 et seq.; Count II – Tortious Interference with Contract/Business Relationship; Count III – Unjust Enrichment; and Count IV - Injunctive Relief.

2. **Defendants' Statement of the Case.**

Defendants will move to compel arbitration pursuant to the Federal Arbitration Act because plaintiff is attempting to enforce a separate provider agreement between the hospital and a commercial health care insurer that contains an arbitration provision, which provides that the agreement may only be enforced through arbitration. Accordingly, the Court should enter an order compelling plaintiff to arbitration on an individual—and not class—basis.

On the merits, defendants dispute that plaintiff has any right to enforce the contract between her insurer and the hospital because that contract expressly states that the parties did not intend to benefit any third party. Defendants also

dispute that the provider agreement with plaintiff's health care insurer required the hospital to submit medical bills to the insurer rather than receiving any payment from plaintiff's personal injury settlement. Because defendants did nothing wrongful in any regard in handling plaintiff's account, defendants deny that plaintiff has any cause of action under any of the theories she has asserted.

With regard to their affirmative defenses, defendants state that they asserted the affirmative defenses of waiver, consent, and accord and satisfaction based upon: (a) plaintiff's assertion in her complaint that she voluntarily paid the allegedly wrongful lien rather than contesting its validity; and (b) because before the allegedly wrongful lien was asserted, plaintiff informed the hospital defendant that she wanted to pursue an auto claim prior to her health insurance being billed. Defendants raised standing because plaintiff is not a party to the provider agreement between her insurer and the hospital, and she is not a third-party beneficiary of that contract. Defendants raised the remainder of the affirmative defenses to preserve them should discovery lead to evidence supporting their application in the case.

    3.    **Are there any Objections pursuant to Rule 26(a)(1)(C) to providing required Initial Disclosures?**

    RESPONSE: **None**.

    4.    **Are there any Objections to the timing of Rule 26(a) Initial Disclosures?**

    RESPONSE: **None**.

5.  **Agreed Document Productions**.
    RESPONSE:

**Plaintiff will produce all documents in her possession or accessible to her, in her attorneys' possession, and in the possession of Jeff Slaton who handed her related personal injury claim, that are related to her claims in this action, including:**

i.  A current copy of plaintiff's insurance contract with Blue Advantage and/or Arkansas Blue Cross and Blue Shield;
ii. A copy of plaintiff's insurance contract with Blue Advantage and/or Arkansas Blue Cross and Blue Shield that was in effect on November 30, 2013;
iii. A current copy of plaintiff's health insurance or benefits card;
iv. A copy of plaintiff's health insurance or benefits card in effect on November 30, 2013;
v.  All release agreements that plaintiff signed related to the auto accident occurring on or about November 27, 2013;
vi. All correspondence that plaintiff has sent to or received from her health insurer related to this matter or the auto accident occurring on or about November 27, 2013;
vii. All documents showing any judicial determination or agreement that plaintiff was made whole by payment from or settlement with the tortfeasor's insurance carrier in connection with the accident occurring on or about November 27, 2013;
viii. A copy of the accident report for the auto accident involving plaintiff that occurred on or about November 27, 2013;
ix. A copy of the lien notice sent or filed by any of the defendants;
x.  A copy of all correspondence between plaintiff and any of the defendants, including correspondence between counsel for plaintiff and any of the defendants; and
xi. A copy of all records and bills plaintiff received from any of the defendants.

**Upon the entry of an appropriate Protective Order, defendants have agreed to produce the following documents as part of their Rule 26(a) Initial Disclosures:**

i.  The written policies and procedures in place on April 30, 2010, on November 30, 2013, and today for Northwest Medical Center – Springdale, Northwest Medical Center – Bentonville and Willow Creek Women's Hospital, regarding how and when

    **liens are asserted and handled in auto accident cases where a patient is insured under a commercial health insurance policy;**

ii.  **All medical records, bills, assignments, agreements, lien notices and related documents regarding the named plaintiff;**

iii.  **All provider agreements between Northwest Medical Center – Springdale, Northwest Medical Center – Bentonville, Willow Creek Women's Hospital and commercial health insurers identified as Arkansas Blue Cross and Blue Shield, Cigna, United Healthcare, Aetna, and Humana;**

iv.  **A summary of potential class members having an alleged claim including the name of each patient, the commercial health insurer at issue, and the amount/source of any payments received from all sources other than commercial health insurance. Other payers, including Medicaid and Medicare payments will not be included in this information as said information does not meet Plaintiff's class definition;**

v.  **All insurance policies, if any, which might provide coverage in this case.**

6. **Discovery.**

(a). How many months are reasonably necessary to complete discovery—as measured from the date of the Case Management Hearing?

  RESPONSE: **8 months.**

(b). Do the parties seek to alter (increase or decrease) the maximum number of written discovery requests allowed by the Rules? If so, please explain.

  RESPONSE: **No.**

(c). Do the parties seek to increase the maximum number of depositions allowed per side? If yes, please explain the necessity and state how many depositions per side are proposed.

  RESPONSE: **No.**

(d). Please characterize the scope and extent of electronic discovery contemplated by the parties as follows: (i) none; (ii) fairly simple and routine; or (iii) complex. If your answer is "Complex," then please complete and attach Schedule A.

  RESPONSE: **Fairly simple and routine.**

    (e).    Do you anticipate the use of Expert Witnesses at trial? If so, state proposed dates by which the parties will be in a position to provide initial and rebuttal expert disclosures pursuant Rule 26(a)(2).

            RESPONSE: **The parties do not currently anticipate the need for expert witnesses but may determine during discovery that expert involvement is required and would like to have the ability to identify an expert or experts if that becomes appropriate.**

    (f).    Do the parties presently contemplate the need for a protective order prior to the exchange of documents or information? [If so, the parties should provide the Court with an agreed order (via email in Word Perfect or Word format) at least two full business days prior to the Case Management Hearing. Such orders should contain the language specified in the Court's policy on protective orders, which is available on the Court's website under "Judge Brooks Forms"). If the parties cannot agree as to the need or form of an appropriate protective order, then formal relief must be promptly sought pursuant to Fed. R. Civ. P. 26(c).]

            RESPONSE: **Yes, the parties anticipate the need for a Protective Order in order to produce confidential information which could include personal health information. A joint motion for Protective Order was filed on September 17, 2015 that included an agreed form of the Protective Order.**

7.    State the parties' best estimate as to the number of days reasonably necessary to fully try the case.

        RESPONSE: **3-5 days.**

8.    State whether 90 days—measured from the Case Management Hearing—is a sufficient amount of time to Add Parties and/or Amend Pleadings. [If "No," please explain why and suggest a proposed alternative deadline]

        RESPONSE: **Yes.**

9.    Settlement Prospects.

        RESPONSE: **As this case has been filed as a proposed class action, the parties do not think it would be helpful for the Court to order an "early" settlement conference. The parties anticipate the case would be ready for a settlement conference following discovery and/or a ruling on Plaintiff's Motion for Class Certification.**

10. Special Issues and Schedules. [Please mark an "X" next to the following issues that may be applicable to your case. For each applicable issue, please complete and attach the corresponding Schedule(s) to your Joint Report.]

___ Federal Jurisdiction is Disputed. [If so, please complete and attach Schedule B.]

___ Action removed from state court and Plaintiff's Complaint does not specifically allege damages in excess of $75,000.00. [If so, please complete and attach Schedule C.]

___ Diversity Jurisdiction case where any party is a non-corporate entity (i.e. LLCs, LLPs, General Partnerships, Trusts, Estates, etc.). [If so, please complete and attach Schedule D.]

**XXX** Original action filed in this Court based on Diversity Jurisdiction where Plaintiff has named one or more "John Doe" Defendant(s). [If so, please complete and attach Schedule E.]

**XXX** Complaint contemplates certification of a Rule 23 Class Action and/or a Collective Action pursuant to the Fair Labor Standards Act. [If so, please complete and attach Schedule F.]

___ Complaint seeks recovery for personal injuries and/or wage loss. [If so, please complete and attach Schedule G.]

11. Have all corporate parties filed the disclosure statement contemplated by Fed. R. Civ. P. 7.1?

    RESPONSE: **Yes.**

    Respectfully Submitted,
    **HARE, WYNN, NEWELL & NEWTON, LLP**
    /s/ Jason W. Earley
    By: Shawn B. Daniels, AR Bar No. 99126
    Jason Earley, AR Bar No. 2004166
    129 W Sunbridge
    Fayetteville, AR 72703
    Phone: (479) 521-7000
    Fax: (479) 695-1120
    jason@hwnn.com
    shawn@hwnn.com

AND

Ralph K. Phalen, MO Bar No. 36687
**Ralph K. Phalen Law, P.C.**
1000 Broadway St., Ste 400
Kansas City MO 64105
Phone: (816) 589-0753
Fax: (816) 471-1701

AND

Mitchell Burgess, MO Bar No. 47524
**Burgess & Green, P.C.**
1000 Broadway, Suite 400
Kansas City, MO 64105
Phone: (816) 471-1700
Fax: (816) 471-1701
mitch@burgessandgreen.com

*Attorneys for Plaintiffs*

**WRIGHT, LINDSEY & JENNINGS LLP**


/s/ Eric Berger
By: Gordon S. Rather, Jr. (68054)
Eric Berger (2004210)
Gary D. Marts, Jr. (2004116)
200 W Capitol Ave Ste 2300
Little Rock AR  72201
Phone: 501-371-0808
Fax: 501-376-9442
grather@wlj.com
eberger@wlj.com
gmarts@wlj.com

*Attorneys for Defendants CHSPSC,
Northwest Medical Center and PASI*

8

## Schedule E

### Original Diversity Action where Plaintiff has named one or more "John Doe" Defendant(s)

1. The Plaintiff shall provide a statement of facts categorically describing the role and nature of liability attributed to any such fictitious Defendants, including why their identities are not reasonably known—and how long it will take to determine their identities during discovery. The statement should also focus on the relative likelihood that the citizenship of any fictitious Defendants, once known, will defeat diversity jurisdiction. In light of such facts, the statement should include legal argument and authorities as to the present appropriateness of federal diversity jurisdiction.

**Although Plaintiff has named John Doe Defendants in her Complaint, Plaintiff does not anticipate that the identity of any of such individuals would defeat diversity jurisdiction in this case because the case was removed under the minimal diversity standard of the Class Action Fairness Act, which requires only that one class member and one defendant be from different states. The citizenship of the John Doe Defendants will not affect minimal diversity. Plaintiff will promptly serve discovery in order to ascertain the identity of any other individuals that should be a party to this litigation and will seek to amend her Complaint (if necessary) within the deadline for amending pleadings - 90 days from the date of the Case Management Hearing.**

## Schedule F

## Rule 23 Class Action and/or FLSA Collective Action

1. The parties shall confer and provide a detailed statement of their joint recommendations and/or respective positions on how to structure the litigation. For example, should case management be bifurcated into pre- and post-certification phases—with discovery initially limited to certification issues? If so, the parties should discuss and report agreed deadlines (or each party's respective position on deadlines) typically associated with certification and merits phases, including a schedule for expert disclosures and depositions. Such considerations may be structurally different for FLSA cases—but the Court is in equal need of the parties' input and recommendations. In a "typical" Rule 23 class action, the Court's suggested deadline for filing certification motions is about 6 months from the Case Management Hearing, and pure merits discovery—if a class is certified—should last no more than about 6 to 8 months.

RESPONSE:

**As merits and class discovery are inextricably intertwined, the Parties do not believe bifurcating discovery would be beneficial in this case. Moreover, the parties anticipate that the size of the class would be no more than a few thousand individuals. Thus, the parties will promptly engage in both merits and class discovery. Once sufficient discovery has been completed, Plaintiff will file her Motion for Class Certification. The parties propose Plaintiff's deadline for filing her Motion for Class Certification to be 6 months from the date of the Case Management Hearing.**

**By this statement, the parties do not intend to preclude Defendants from filing any dispositive and/or other motion challenging the claims of the named Plaintiff at any time Defendants feel necessary.**

CERTIFICATE OF SERVICE

      I, Jason Earley, hereby certify that on September 23, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Wright, Lindsey & Jennings LLP
200 W Capitol Ave Ste 2300
Little Rock AR  72201
Gordon Rather, grather@wlj.com
Eric Berger, eberger@wlj.com
Gary Marts, Jr., gmarts@wlj.com
*Attorneys for Defendants CHSPSC,
Northwest Medical Center and PASI*

                                                     /s/ Jason Earley