**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**


**JESSICA MOUNCE, Individually, and on**
**Behalf of All Others Similarly Situated Plaintiffs**                          **PLAINTIFFS**

**V.**                                    **CASE NO. 5:15-CV-5197**

**COMMUNITY HEALTH SYSTEMS, INC.**
**A Delaware Corporation; CHSPSC, LLC,**
**A Delaware Corporation; NORTHWEST**
**ARKANSAS HOSPITALS, LLC, a Delaware**
**Limited Liability Company d/b/a NORTHWEST**
**MEDICAL CENTER; PROFESSIONAL ACCOUNT**
**SERVICES, INC., a Tennessee Corporation; and**
**JOHN DOES I-X**                                          **DEFENDANTS**


## CASE MANAGEMENT ORDER

A Case Management Hearing was conducted on November 3, 2015. After a review

of the parties' Rule 26(f) Joint Report, and based on discussions with counsel during the

hearing, and pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, IT IS HEREBY

ORDERED:

**1.     TRIAL SET DURING THE COURT'S FEBRUARY 21, 2017 TRIAL TERM**

The trial of this matter is scheduled for a **JURY TRIAL** in **FAYETTEVILLE,**

**ARKANSAS**, at the call of the Court during a **One Week Trial Term which begins on**

**FEBRUARY 21, 2017, at 9:00 a.m.** The parties have indicated that the case will take 3

to 5 days to try. The case may be called up and tried at any point during the term;

however, a more precise starting date will be set as the trial term approaches. If for some

reason the case is "bumped" because the Court cannot accommodate all trials set for the

term, then the case will be re-set and tried during the ***"back-up"* trial date which is set for the week of MARCH 13, 2017, at 9:00 a.m.**

The case will be tried to an **eight (8)** person jury–unanimous verdict required. Counsel are directed to report to **the fifth-floor Courtroom by no later than 8:30 a.m.** on the first day of trial unless otherwise notified.

## 2.    FINAL PRE-TRIAL CONFERENCE

A Final Pre-Trial Conference shall be conducted pursuant to the provisions of Rule 16(e) on **FEBRUARY 8, 2017, beginning at 9:00 a.m.**

## 3.    AMENDMENT OF PLEADINGS

Leave to amend pleadings and/or to add or substitute parties shall be sought no later than **FEBRUARY 5, 2016**.

## 4.    EXPERT DISCLOSURES

The deadline to provide expert witness disclosures and written reports pursuant to Rule 26(a)(2) is **MAY 13, 2016**. The deadline to provide disclosures and reports of rebuttal experts (*i.e.* whose testimony will be offered solely to contradict or rebut the expert opinions offered by an opposing expert) is **JUNE 24, 2016**.

## 5.    DISCOVERY

The discovery deadline is **AUGUST 19, 2016**. The parties may conduct discovery beyond this date if all parties are in agreement to do so. To avoid later misunderstandings, such agreements should be reduced to a writing which describes the type, scope, and length of the extended period of discovery. That said, the Court will not resolve any disputes which may arise in the course of extended discovery.

All discovery requests must be propounded sufficiently in advance of the discovery deadline to allow for a timely response. Witnesses and exhibits not identified and produced in response to Rule 26(a)(1) Initial Disclosures, and/or in response to subsequent discovery requests, may not be used at trial except in extraordinary circumstances. The Court will not grant a continuance because a party does not have time in which to depose a lay or expert witness.

**6.     CLASS CERTIFICATION MOTION - HEARING**

If applicable, the deadline to file a class certification motion is **SEPTEMBER 1, 2016**. The deadline to file a response to the motion is **OCTOBER 5, 2016**. Advance permission is hereby granted to file a reply brief by no later than **OCTOBER 19, 2016.**

A hearing on class certification will be held on **NOVEMBER 3, 2016,** beginning at 9:00 a.m.

**7.     MOTIONS DEADLINES**

(a)     The deadline to file dispositive motions is **SEPTEMBER 1, 2016.**

(b)     If applicable, *Daubert* and related expert disqualification motions should be filed no later than **SEPTEMBER 1, 2016**.

(c)     Discovery Motions. Prior to filing a discovery motion the parties must (i) engage in a substantive good faith effort to amicably resolve the dispute without court intervention (to include at least one verbal discussion), and then, if necessary, (ii) the parties must schedule a conference call with the Court to discuss the dispute. In the event a discovery dispute cannot be informally resolved by the Court, then a formal motion must be filed sufficiently in advance of the discovery deadline to allow for a proper response time

under the rules.  The length of any such motions and supporting memorandum shall not exceed ten (10) pages in length (excluding exhibits).  A response to a discovery motion, with the same page limitations, should be promptly filed.

(d)     Motions in limine must be filed on or before **JANUARY 25, 2017.**  Responses must be filed within seven (7) days thereafter.  Motions submitted after the deadline may be denied solely on that ground.  Briefs in Support of such motions and responses shall not exceed three (3) pages per ruling sought, except on leave of Court for good cause shown.

## 8.     MEMORANDUM BRIEFS

Memorandum briefs filed in support or in response to a motion (other than a discovery motion) must not exceed twenty-five (25) pages in length, without leave of court and for good cause shown.  Reply briefs, when permitted, must not exceed seven (7) pages in length.

## 9.     SETTLEMENT CONFERENCE

The parties are ordered to attend a Settlement Conference with Magistrate Judge Erin L. Setser by no later than **DECEMBER 9, 2016**.  The exact date will be set by separate order.[1]

---

[1]By motion, for good cause shown, the parties may request to be excused from this requirement.  "Good cause" will ordinarily be established by a statement that the parties have unsuccessfully participated in private mediation, and/or that the posture of the case is such that the parties believe settlement efforts would be futile and the parties intend to proceed to trial as scheduled.

10.    **PRETRIAL DISCLOSURE SHEET**

Pursuant to the provisions of Rule 26(a)(3), the parties shall simultaneously file Pretrial Disclosures on **JANUARY 18, 2017**, in a form consistent with the outline contained in Local Rule 26.2.

11.    **DEPOSITIONS TO BE USED AT TRIAL PURSUANT TO RULE 32[2]**

The proffering party must designate the pertinent portions of a deposition to be used as evidence at trial by **JANUARY 18, 2017**.  The opposing party must then provide notice of objections and/or counter-designations by **JANUARY 25, 2017**.  These designations and objections should not be filed with the Court, but rather exchanged by the parties.  The parties shall then confer in good faith to resolve any objections to designations.

Any unresolved objections shall be made by a joint written motion filed no later than **FEBRUARY 1, 2017**.  Instructions for preparing the joint motion are attached, and also posted on the Court's website under Judge Brooks' forms.  Objections will be resolved during the Final Pre-Trial Conference.

12.    **JURY INSTRUCTIONS**

The parties must confer in advance regarding proposed jury instructions in an attempt to narrow areas of disagreement.  The parties shall jointly submit a single agreed set of proposed instructions (clearly marked "AGREED") to Chambers on or before **FEBRUARY 1, 2017**. Proposed verdict forms should be submitted as well.   Counsel should use model instructions whenever possible from the Eighth Circuit, AMI, or Federal

---

[2]Depositions to be used solely for impeachment are not contemplated by the requirements of this paragraph.

Jury Practice and Instructions (5th Edition), as applicable, and should note the source and/or basis of the instruction at the end of each instruction.

If the parties cannot agree to a particular instruction(s), the party requesting a disputed instruction must submit it to the Court and to opposing counsel by the same date Agreed Instructions are due.   Such instructions should be clearly marked as "[Plaintiff's/Defendant's] DISPUTED Instruction No. ___."   The legal basis for the instruction and brief description of the parties' disagreement shall be provided with the instruction (either in the space below the form of the instruction or attached on a separate page).

The parties should follow the same process to submit "agreed" and "disputed" proposed verdict forms.   Agreed and disputed instructions/verdict forms should be submitted electronically in WordPerfect or Word format to *tlbinfo@arwd.uscourts.gov*.

## 13.  STATEMENT OF THE CASE

Each party must submit via email by **FEBRUARY 1, 2017** a concise non-argumentative statement/overview of the case, *no more than one double spaced page in length*, that it proposes the Court to read to the venire panel.

## 14.  STIPULATIONS

The parties should stipulate in writing to the facts not in controversy and provide the same to the Court via email by no later than **FEBRUARY 1, 2017**.  Stipulations will be marked and received as a Court's exhibit for the record, and may be read/shown to the jury at an appropriate time(s) during the trial.  The parties are encouraged to use stipulations as a means of narrowing and simplifying fact issues submitted to the jury.

## 15.    WITNESS AND EXHIBIT LISTS

Each party shall submit "final" witness and exhibit lists to the Court by no later than **FEBRUARY 6, 2017**.  The lists should be in the format as set forth on the attached forms. Witnesses shall be grouped together under headings indicating whether they "will be called" or merely "may be called" to testify.

Trial Exhibits must be identified, numbered, provided, and made available to opposing counsel in advance of the deadline. Counsel must then review and confer for the purpose of identifying any exhibits to which agreement or objections are contemplated. The final numbered exhibit list provided to the Court should therefore indicate—for each applicable exhibit—whether opposing counsel intends to "agree" (subject to proponent laying proper foundation) or "object" to its introduction.  Prior to trial, the parties shall further confer and identify which, if any, of the agreed exhibits may be stipulated into evidence *in mass* at the beginning of the trial.  Please promptly notify the Court via email as to which exhibits will be received in this manner.

Each party shall provide a notebook of its final proposed exhibits (numbered, indexed, and tabbed) to Chambers by no later than **FEBRUARY 15, 2017**.

## 16.    DEADLINES

The deadlines set forth above are firm.  Extensions and/or continuances will not be considered absent very compelling circumstances.

## 17.    SUMMARY TABLE AND FORMS

A table summarizing the deadlines is attached.  In the event of a discrepancy between this Order and the summary table, the deadline set forth in the Order is

controlling.  The attached forms are available for download on the Court's public website under "forms" tab (Judge Brooks' Forms).

## 18.    COMMUNICATION WITH COURT REGARDING TRIAL OR SETTLEMENT

Settlements should be immediately reported to the Court.[3]  Please communicate any late developing settlement or problems/issues (*i.e.* over the weekend prior to trial) to the Courtroom Deputy, Sheri Craig, at (479) 695-4460 or *tlbinfo@arwd.uscourts.gov*.  If notice of settlement is received after **1:00 p.m. on FEBRUARY 17, 2017**, the parties will be assessed any costs associated with the Court's  inability to timely recall the jury panel from reporting.   The parties are further advised that the case will not be removed from the trial docket until an order of dismissal has been entered.

**IT IS SO ORDERED** this _20th_ day of November, 2015.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

---

[3]Prompt notification is of great help to the Court in the management of remaining cases set for a given trial term.

## DATES AND DEADLINES

| HEARINGS AND TRIAL DATE | |
|---|---|
| FINAL PRE-TRIAL CONFERENCE | 2/8/17 |
| **TRIAL DATE (One Week Trial Term beginning on)** | **2/21/17** |
| "BACK-UP" TRIAL DATE | 3/13/17 |
| **DISCOVERY** | |
| AMEND PLEADINGS/ADD OR SUBSTITUTE PARTIES | 2/5/16 |
| EXPERT WITNESS DISCLOSURES/REPORTS | 5/13/16 |
| REBUTTAL EXPERT WITNESS DISCLOSURES/REPORTS | 6/24/16 |
| **DISCOVERY DEADLINE** | **8/19/16** |
| **MOTIONS** | |
| CLASS CERTIFICATION MOTIONS | 9/1/16 |
| **DISPOSITIVE MOTIONS** | **9/1/16** |
| DAUBERT AND RELATED MOTIONS REGARDING EXPERT OPINION TESTIMONY (if applicable) | 9/1/16 |
| **SETTLEMENT CONFERENCE** | |
| SETTLEMENT CONFERENCE (to be separately scheduled no later than) | 12/9/16 |
| **FINAL TRIAL PREPARATIONS** | |
| PRETRIAL DISCLOSURES (per format of Local Rule 26.2) | 1/18/17 |
| MOTIONS IN LIMINE | 1/25/17 |
| DEPOSITION DESIGNATIONS (exchanged) | 1/18/17 |
| DEPOSITION COUNTER-DESIGNATIONS (exchanged) | 1/25/17 |
| JOINT MOTION TO EXCLUDE DEPOSITION TESTIMONY | 2/1/17 |
| JURY INSTRUCTIONS (submitted to the Court via email) | 2/1/17 |
| STATEMENT OF THE CASE (submitted to the Court via email) | 2/1/17 |
| STIPULATIONS (submitted to the Court via email) | 2/1/17 |
| WITNESS AND EXHIBIT LISTS (submitted to the Court via email) | 2/6/17 |
| EXHIBITS NOTEBOOK (INDEXED AND TABBED) TO CHAMBERS | 2/15/17 |

**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
_____ DIVISION**


_____                                            **PLAINTIFF(S)**

**V.**                                    **CASE NO. _____**

_____                                            **DEFENDANT(S)**


**WITNESS LIST FOR (PLAINTIFF/DEFENDANT)**

| No. | Witness Name | "Will" or "May" Call | Live or Deposition |
|-----|--------------|----------------------|--------------------|
|     |              |                      |                    |
|     |              |                      |                    |
|     |              |                      |                    |
|     |              |                      |                    |
|     |              |                      |                    |
|     |              |                      |                    |
|     |              |                      |                    |
|     |              |                      |                    |
|     |              |                      |                    |
|     |              |                      |                    |
|     |              |                      |                    |
|     |              |                      |                    |
|     |              |                      |                    |
|     |              |                      |                    |
|     |              |                      |                    |
|     |              |                      |                    |

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**_____ DIVISION**

_____                    **PLAINTIFF(S)**

**V.**                    **CASE NO. _____**

_____                    **DEFENDANT(S)**

**EXHIBIT LIST FOR (PLAINTIFF/DEFENDANT)**

| PRESIDING JUDGE<br><br>Hon. Timothy L. Brooks | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|
| TRIAL DATE(S) | COURT REPORTER<br><br>Dana Hayden | COURTROOM DEPUTY<br><br>Sheri Craig |

*********************************************************************************************

| Pltf. No. | Deft. No. | Date Offered[1] | Object. | Stip. | Recd[2] | DESCRIPTION OF EXHIBITS |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

_____

[1]Column for Court use only.

[2]Column for Court use only.

11

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**_____ DIVISION**

_____                                              **PLAINTIFF(S)**

**V.**                                    **CASE NO. _____**

_____                                              **DEFENDANT(S)**

### DEPOSITION DESIGNATIONS FOR (WITNESS - insert name)[3]

| Excerpt No. | Designated by Plaitiff or Defendant | FROM | | TO | | OBJECTION YES/NO | BASIS FOR OBJECTION |
|---|---|---|---|---|---|---|---|
| | | Page | Line | Page | Line | | |
| 1 | | | | | | | |
| 2 | | | | | | | |
| 3 | | | | | | | |
| 4 | | | | | | | |
| 5 | | | | | | | |
| 6 | | | | | | | |
| 7 | | | | | | | |
| 8 | | | | | | | |
| 9 | | | | | | | |
| 11 | | | | | | | |
| 12 | | | | | | | |
| 13 | | | | | | | |
| 14 | | | | | | | |
| 15 | | | | | | | |

_____

[3]The parties must confer and collectively report their respective designations and objections in sequential order using one form per witness.  See attached instructions and procedures.

12

**CHAMBERS OF JUDGE TIMOTHY L. BROOKS**

**INSTRUCTIONS AND PROCEDURES FOR DEPOSITION DESIGNATIONS**

1.    **Exchange Designations, Objections, and Counter-Designations**. By the deadline stated in the Case Management Order, the parties must exchange page and line designations for all witness testimony that a party intends to present by deposition. Opposing counsel must then provide notice of objections and/or counter-designations. These designations and objections should *not* be filed with the Court, but rather exchanged by the parties.  **The parties must then confer in good faith to resolve objections.**

2.    **Jointly Prepare One Designation Form For Each Witness**.  For each witness the Plaintiff will present by deposition, counsel must designate  excerpts by page and line. Plaintiff must include an opposing parties' counter-designations, chronologically interspersed throughout a single, joint designation form for each witness. Using the Court's form, each designated excerpt should note the party making the designation, whether there is an objection, and if so the Rule or shorthand basis.  Defendant must complete the same process for witnesses  to be presented by deposition in Defendants' case-in-chief only.

3.    **Prepare and File Joint Motion To Exclude Deposition Testimony**. If there are unresolved objections, then, *by no later than the deadline stated in the Case Management Order*, the parties must file a single **Joint** Motion to Exclude Deposition Testimony for each witness.  The joint motion shall begin with a concise non-argumentative opening paragraph introducing the witness and his/her connection to the facts.  Then, for each objection, the objecting party's narrative  shall identify the excerpt number and a concise but complete basis for the objection (and authority for a "non-routine" objection).  The proponent's response shall appear immediately below the objection.  The idea being to "mimic" in writing a "side bar" with the Court. Attach the joint designation form and a condensed copy of the complete deposition transcript, as Exhibits A and B, respectively.

4.    **Provide Highlighted and Annotated Transcript**.  The parties must separately provide Chambers with a color-highlighted version of the complete condensed transcript, visually identifying the Plaintiff's designations in one highlighter color, and the Defendant's designations in a different color. (Be consistent in the use of highlighter colors).  Annotate the margin by drawing attention to the particular Q and A's to which objections have been asserted.  Note the excerpt number and whether it is a plaintiff or defendant objection.

5.    **Edit Videos and Transcripts**.  The Court will endeavor to rule on objections by no later than the Final Pre-Trial Conference.   After ruling, the proponent will be responsible for preparing the final video version of the deposition to be presented to the jury, edited per the Court's rulings.  The proponent must also prepare a transcript that corresponds exactly to the edited video**.** A copy of the final edited video and corresponding transcript must be provided to opposing counsel at least one full business day prior to trial, and provided to the courtroom deputy by no later than the first morning of trial.